IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher M. Meredith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:24-cv-1148-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Jordan Gray Williamson, Desmond, | ) | |
| Raheem McFadden, James Alan | ) | |
| Swagel, North Charleston Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Christopher M. Meredith's ("Plaintiff")

pro se complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States

Magistrate Judge for preliminary determinations.

On June 17, 2024, the Magistrate Judge gave Plaintiff the opportunity to provide the

necessary information and paperwork to bring his case into proper form and warned

Plaintiff of the potential consequences if he failed to provide the necessary information.

Nevertheless, Plaintiff failed to bring his case into proper form within the time permitted.

Accordingly, on August 12, 2024, the Magistrate Judge issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court dismiss

this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil

Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882

F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493

U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable

warning was not an abuse of discretion).  Attached to the Magistrate Judge's Report was

a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 8), and the Court dismisses this action without prejudice in accordance with Rule 42(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 4, 2024
Charleston, South Carolina

2

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.